UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EMMANUEL GEORGES,
    Petitioner,

v.                                          No. 3:14-cv-1830 (JAM)

STATE OF CONNECTICUT,
    Respondent.

**RULING DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Emmanuel Georges has filed a *pro se* petition for writ of habeas corpus to challenge certain criminal convictions that he sustained in Connecticut state court in 2009. It is apparent, however, that petitioner has not fully exhausted any relief that he might obtain from the Connecticut state courts and also that he is no longer in custody for the convictions that he seeks to overturn. Accordingly, I will deny the petition for writ of habeas corpus.

**BACKGROUND**

Petitioner allegedly entered the United States as a lawful permanent resident in 2006. He was arrested in Norwich, Connecticut in 2008, and he allegedly pleaded guilty and was sentenced in 2009 for violating a protective order and assault in the third degree. A review under petitioner's name of the Connecticut Judicial Branch database indicates that petitioner was convicted for third-degree assault in 2009 for which he was sentenced to eight months in prison, and that he has also subsequently been convicted in 2012 and 2013 on charges including criminal impersonation, breach of peace, and failure to appear. It appears now that petitioner faces removal from the United States as a consequence of his 2009 convictions.

Petitioner has filed a *pro se* petition for a writ of habeas corpus, as well as several additional motions that all challenge in one way or another his 2009 state court convictions. Docs. # 1, #5, #9, #11. In essence, he alleges that he was arrested without probable cause, that he was unable because

of his mental illness and English language deficiency to understand the proceedings against him, that he entered a plea of guilty without warning or knowledge of the adverse immigration consequences, that he was not apprised of his right to appeal, and that he was not accorded his rights upon arrest of consular notification under the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820. Relatedly, he claims that his counsel was ineffective for failing to prevent the violation of his rights. He seeks leave to withdraw his guilty pleas and to file a notice of appeal. According to one of his filings, petitioner filed multiple motions for post-conviction relief in 2014, but a state court judge denied relief in October 2014.

## DISCUSSION

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With certain exceptions, a prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is that a petitioner have previously presented and fully exhausted his federal claims in the state courts. *Id.* § 2254(b)(1)(A); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *see also Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it" (citation omitted)). As the Second Circuit has explained, the exhaustion rule "ensur[es] that state courts receive a legitimate opportunity to pass on a petitioner's federal claims and that federal courts respect the state courts' ability to correct their own mistakes." *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (Sotomayor, J.).

Here, there is no indication that petitioner has fully exhausted his claims in the state courts

of Connecticut. He did not appeal his conviction, and he alleges only that he filed motions for post-conviction relief that were addressed by a Connecticut trial judge but without any indication of further appeal (or specifically what issues were raised).

In addition, the habeas corpus statute expressly requires that a petitioner be "in custody pursuant to the judgment of a State court" in order to challenge his conviction. 28 U.S.C. § 2254(a); *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006) (*per curiam*) (petitioner must be in custody for the conviction or sentence that he seeks to attack by means of his habeas corpus petition).

Here, it does not appear that petitioner remains in custody for his convictions in 2009. Nor does the fact of removal proceedings or any immigration detention permit him to challenge his state court conviction by way of a petition for habeas corpus under 28 U.S.C. § 2254. *See Ogunwomoju v. United States*, 512 F.3d 69, 74–75 (2d Cir. 2008).

In short, I cannot grant petitioner relief. He has not exhausted his remedies in the Connecticut state courts, and he is no longer in custody for these 2009 convictions.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus (Doc. #1) is DENIED. Petitioner's motions to vacate (Docs. #9, #11) and motion for leave to file appeal (Doc. #5) are also DENIED to the extent they seek the same relief. The Clerk of Court shall close this case.

It is so ordered.

Dated at Bridgeport this 22nd day of June 2015.

/s/ ***Jeffrey Alker Meyer***
Jeffrey Alker Meyer
United States District Judge